# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| ALABAMA AIRCRAFT INDUSTRIES, INC., | ) | Case No. 11-10452 |
| *et al.*,[1] | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |

## GLOBAL NOTES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

### A. General Notes

The Schedules of Assets and Liabilities (the "**Schedules**") and Statements of Financial Affairs (the "**Statements**") (collectively, the "**Bankruptcy Schedules**") of Alabama Aircraft Industries, Inc., a Delaware corporation ("**AAII**") and its wholly owned subsidiaries Alabama Aircraft Industries, Inc.-Birmingham, an Alabama corporation ("**AAII-B**") and Pemco Aircraft Engineering Services, Inc., a Delaware corporation ("**Pemco**" and collectively, with AAII and AAII-B, the "**Debtors**") in the above-captioned, jointly administered Chapter 11 bankruptcy cases (the "**Bankruptcy Cases**") have been prepared pursuant to 11 U.S.C. § 521 and Rule 1007 of the Federal Rules of Bankruptcy Procedure by the Debtors' management and professionals. On February 15, 2011 (the "**Petition Date**"), the Debtors filed petitions for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware, commencing the following cases:

| Debtor Name | Case Number |
|---|---|
| Alabama Aircraft Industries, Inc. | 11-10452 |
| Alabama Aircraft Industries, Inc.-Birmingham | 11-10453 |
| Pemco Aircraft Engineering Services, Inc. | 11-10454 |

The financial affairs and businesses of the Debtors are large and complex; therefore, while the Debtors' management and professionals have made every reasonable effort to ensure that the Bankruptcy Schedules are accurate and complete based on the information available at the time of preparation, the subsequent receipt, discovery, or review of additional information not used in the preparation of the Bankruptcy Schedules may result in material changes to the financial data or other information contained therein. Further, the Bankruptcy Schedules are unaudited and inadvertent errors or omissions may exist. The Debtors reserve all rights to amend the Bankruptcy Schedules in all respects, as may be necessary or appropriate, including, but not

---

[1]  The last four digits of the taxpayer identification numbers for each of the Debtors follow in parenthesis: (i) Alabama Aircraft Industries, Inc. (5295); (ii) Alabama Aircraft Industries, Inc.-Birmingham (6533); and (iii) Pemco Aircraft Engineering Services, Inc. (9969). The mailing address for all of the Debtors is 1943 50th Street North, Birmingham, AL 35212.

limited to the right to dispute or to assert offsets or defenses to any claim reflected in the Bankruptcy Schedules as to amount, liability, or classification, or to otherwise subsequently designate any claim as disputed, contingent, or unliquidated. These Global Notes Regarding Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "**Global Notes**") comprise an integral part of the Bankruptcy Schedules and should be referred to and considered in connection with any review of the Bankruptcy Schedules.

Causes of Action. The Debtors, despite their efforts, may not have listed all of their causes of action against third parties as assets in the Bankruptcy Schedules. The Debtors reserve all of their rights with respect to any causes of action they may have and neither these Global Notes nor the Bankruptcy Schedules shall be deemed a waiver of any such causes of action. Moreover, nothing contained in the Bankruptcy Schedules shall constitute a waiver of rights with respect to these Bankruptcy Cases and specifically with respect to any issues involving substantive consolidation, equitable subordination, and/or causes of action arising under the provisions of Chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws with respect to recovery of assets or avoidance of transfers.

Claims Description. Any failure to designate a claim on the Bankruptcy Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such claim is not disputed, contingent, or unliquidated. The Debtors reserve the right to dispute, or to assert offsets or defenses to, any claim reflected on the Bankruptcy Schedules as to amount, liability, priority, secured or unsecured status, or classification, or to otherwise designate any claim as disputed, contingent, or unliquidated by filing and serving an appropriate amendment.

Claims Paid Pursuant to Court Orders. The Bankruptcy Court authorized the Debtors to pay various prepetition claims, including claims of employees and claims relating to taxes and certain employee benefits. Consequently, certain prepetition, fixed, liquidated, and undisputed, unsecured claims have been paid as of the date of the filing of the Bankruptcy Schedules. Accordingly, the actual unpaid claims of creditors that may be allowed in these cases may differ from the amounts set forth in the Bankruptcy Schedules.

Consolidation of Certain Information. Though the Debtors' management maintains books and prepares financial statements for each of the Debtors, the Debtors use a consolidated cash management system in the ordinary course of their businesses. Every effort has been made to distinguish between the Debtors where possible.

Dates. The Debtors' management and professionals made every reasonable effort to include in the Bankruptcy Schedules data effective as of the Petition Date. Additionally, to close the books and records of the Debtors as of the Petition Date, the Debtors' management was required to make estimates and assumptions that affect the reported amounts of assets and liabilities. As additional information becomes available, the allocation of liabilities between prepetition and postpetition periods may change and the Debtors reserve the right to amend the Bankruptcy Schedules or otherwise change the allocation of pre and postpetition liabilities as is appropriate.

Employee Claims.  The Bankruptcy Court authorized the Debtors to pay prepetition employee wages, salaries, benefits, and other obligations in the ordinary course of business. Additionally, the Bankruptcy Court authorized the Debtors to continue to honor its existing vacation and casual leave policies postpetition and, subsequent to the Petition Date, the Debtors' employees have continued to utilize vacation and casual leave earned prepetition.  Accordingly, the claims held by the Debtors' employees as of the Petition Date have likely decreased and are likely to continue to decrease as the employees continue to utilize vacation and casual leave earned prepetition.  The Debtors have not, therefore, attempted to calculate the current amount of their employees' prepetition claims for inclusion in the Bankruptcy Schedules.

Excluded Assets and Liabilities.  The Debtors have excluded certain categories of immaterial assets and liabilities from the Bankruptcy Schedules including goodwill, software licenses, permits, businesses licenses, and miscellaneous office décor.

Intercompany Transactions.  The Debtors book "intercompany transactions" between AAII and AAII-B in the ordinary course of their business.  However, all of these transactions occur only as book entries and are a result of the intercompany movement of cash pursuant to the Debtors' cash management system; the Debtors do not conduct intercompany sales. Accordingly, the intercompany transactions are not detailed in the Bankruptcy Schedules.

Leasehold Improvements.  Leasehold Improvements in excess of $3.64 million appear on AAII-B's Bankruptcy Schedules, which relate primarily to modifications and repairs at the Birmingham facility that were necessary for the Debtors to properly operate their business. These leasehold improvements are listed as fixed assets on AAII-B's balance sheets.

Payments.  Prior to the Petition Date, the Debtors utilized a consolidated cash management system through which payments were made by AAII-B on behalf of affiliated Debtors.  As a result, certain payments in the Bankruptcy Schedules may have been made by AAII-B on behalf of an affiliate through the operation of the consolidated cash management system.  Moreover, although AAII may have entered into certain contracts, any liabilities on account of such contracts are paid by AAII-B and are reflected on AAII-B's Bankruptcy Schedules.

Pemco Aircraft Engineering Services, Inc.  Pemco has not conducted business operations or had financial activity since 2007 and, therefore, has no assets or liabilities to account for on the Bankruptcy Schedules.

Property and Equipment.  Owned property and equipment are listed at net book value. Leasehold improvements and machinery and equipment are stated at cost, less accumulated amortization and depreciation.  Depreciation and amortization are computed using the straight-line method over the following estimated useful lives (in the case of leasehold improvements, the useful life is the shorter of the lease period or the economic life of the improvements): machinery and equipment 3-12 years and leasehold improvements 5-20 years.  Maintenance and repairs are charged as expenses are incurred, while major renewals and improvements are capitalized.  The cost and related accumulated depreciation of assets sold or otherwise disposed of are deducted from the related accounts and resulting gains or losses are reflected in operations.

Trade Accounts Receivable and Accounts Payable.  Trade Accounts Receivable are presented without consideration for any liabilities related to mutual counterparty accounts payable, open or terminated contract liabilities, liquidated damages, setoff rights or collateral held by the Debtors, unless otherwise stated.  Likewise, Accounts Payable are shown without consideration for accounts receivable, open or terminated contracts, liquidated damages, setoff rights or collateral that has been posted on behalf of the counterparty.

Valuation.  The value of the Debtors' assets, unless otherwise indicated, is listed as the net book value as of the Petition Date.  For this reason, amounts ultimately realized will vary from net book value and such variance may be material.  In addition, the amounts shown for total assets and liabilities exclude items identified as "unknown" and, thus, ultimate assets and liabilities may differ materially from those stated in the Bankruptcy Schedules.

**B.  Schedules of Assets and Liabilities**

Schedule B:  Personal Property.

B(8) Firearms.  AAII-B's firearms are fully depreciated and have a $0 net book value.

B(13).  Air International, Inc. has no assets, liabilities or current business operations and is in the process of being dissolved in Delaware.

B(21) Other Contingent and Unliquidated Claims.  AAII holds a judgment for approximately $10.5 million against GE Capital Aviation Services, Inc. (the "**GECAS Judgment**"), which is currently on appeal before the Supreme Court of Alabama and awaiting decision.  Approximately $3.5 million of the GECAS Judgment is comprised of compensatory damages and interest and the balance is comprised of punitive damages.  Interest continues to accrue on the GECAS Judgment, dated April 22, 2009.  The Debtors anticipate receiving 60-67% of any favorable verdict rendered, net of contingent legal fees owing to Maynard Cooper & Gale PC ("**Maynard Cooper**").  The total funds collected by the GECAS Judgment will first be applied to expenses the Debtors previously paid with respect to the litigation, and Maynard Cooper is entitled to a contingency fee of 40% of the remaining amount (after deduction of expenses).  The amount due and owing to Maynard Cooper on account of the GECAS Judgment is booked as a liability on AAII's books and records.  The GECAS Judgment is reflected on AAII's books as an asset in the amount of $3,506,089.08.

For a further discussion of additional, more generalized causes of action, please reference the Causes of Action note set forth above.

B(23) Licenses, Franchises, and Other General Intangibles. The Debtors possess miscellaneous, non-material licenses for software, computer, and word processing programs, in addition to other business licenses, utilized in the ordinary course of their business. Additionally, when the Debtors are engaged as sub-contractors with respect to certain contracts, the Debtors obtain the necessary permissions to use the intellectual property, designs, sketches, et cetera of their prime contractors in order to conduct their business. Such licenses and permissions are not listed as assets and have no value on the Debtors' books. Accordingly, such licenses and permissions are not detailed in the Bankruptcy Schedules.

B(25), (28) and (29). All of the items listed on Exhibits B(25), B(28) and B(29) are located at the Debtors' facility in Birmingham, Alabama.

B(30): Inventory. Raw materials and supplies are stated at the lower of cost or net realizable value, with cost principally determined by the last-in, first-out method. Finished goods and work-in-process include materials, direct labor, manufacturing overhead, and other indirect costs incurred under each contract, less amounts in excess of estimated realizable value. Pursuant to contract provisions, agencies of the U.S. Government and certain other customers have title to, or a security interest in, inventories related to such contracts as a result of advances and customer deposits. Such advances and deposits are reflected as an offset against the related inventory balances to the extent costs have been accumulated. Inventoried costs on U.S. Government fixed price contracts include direct engineering, production and tooling costs, and applicable overhead. In addition, inventoried costs on U.S. Government contracts include general and administrative expenses estimated to be recoverable.

Schedule D: Creditors Holding Secured Claims. AAII is a party to a lease with Modular Space Corporation for a modular building lease, but liabilities relating to this lease are booked on AAII-B's books and records.

AAII-B is the primary obligor to the Pension Benefit Guaranty Corporation ("**PBGC**") and the full extent of the PBGC's secured lien is reflected on AAII-B's Schedule D. AAII is jointly and severally liable for AAII-B's pension plan obligations and AAII is liable to the PBGC to the extent AAII-B does not satisfy the PBGC's lien. Therefore, the amount of the PBGC lien is listed as an "unknown" amount on AAII's Schedule D.

AAII is the primary obligor to the Special Value Bond Fund ("**SVBF**") and the full extent of SVBF's lien is reflected on AAII's Schedule D. AAII-B is the guarantor of AAII's obligations to the SVBF and AAII-B is jointly and severally liable to the SVBF to the extent AAII does not satisfy the SVBF's lien. Therefore, the amount of the SVBF lien is listed as an "unknown" amount on AAII-B's Schedule D.

Schedule E:  Creditors Holding Unsecured Priority Claims. As of the Petition Date, the Debtors owed unpaid prepetition wages to their employees. Pursuant to an order of the Bankruptcy Court (Docket No. 32, the "**Employee Wage Order**"), the Debtors were permitted

to pay prepetition wages postpetition. Accordingly, claims for prepetition wages have not been detailed in the Bankruptcy Schedules. Additionally, the Debtors' employees hold prepetition claims for unused vacation and casual leave. While the Debtors' employees cannot receive cash for their unused vacation days postpetition, vacation days accrued prepetition can be utilized postpetition. As such, the amount of the employees' claims will be reduced as the employees continue to utilize earned vacation and casual leave. The Debtors have therefore scheduled each claim as contingent and unliquidated in an unknown amount; the amount of each claim will be determined during the claims resolution process. The Debtors reserve their right to dispute or challenge whether such claims are entitled to priority. While all of the Debtors' employees are employed and paid by AAII-B, certain of the Debtors' executive employees have employment agreements through AAII.

As with prepetition wages, pursuant to the Employee Wage Order, the Debtors were permitted to pay claims relating to employee related insurance programs and the Debtors' 401(k) program in the ordinary course of business. Likewise, the Debtors were permitted to pay certain prepetition sales and use taxes postpetition (Docket No. 33, the "**Prepetition Tax Order**") and their banks and financial institutions were required to honor several checks issued prepetition on account of occupational taxes but had not cleared prior to the Petition Date. Accordingly, certain prepetition obligations subject to the Employee Wage Order and the Prepetition Tax Order that have been satisfied postpetition may not be reflected in the Bankruptcy Schedules.

Schedule F: Creditors Holding Unsecured Non-Priority Claims. The claims listed on Schedule F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. While commercially reasonable efforts have been made, determining the date upon which each claim in Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule F.

Schedule G: Executory Contracts. The Debtors' business is complex. While every reasonable effort has been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors, omissions or over-inclusions may have occurred. The Debtors reserve all of their rights to dispute the validity, status or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. The contracts, agreements and leases listed on Schedule G may have expired or may have been modified, amended and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements which may not be listed therein.

Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal and other miscellaneous rights that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements. Such rights, powers, duties and obligations are not set forth on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as easements, right of way, subordination, nondisturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements.

Such documents are also not set forth on Schedule G.

Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings. The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease. The Debtors reserve all of their rights, claims and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, or any document or instrument (including, without limitation, any intercompany agreement) related to a creditor's claim. Executory agreements that are oral in nature have not been included in Schedule G.

Certain of the contracts, agreements and leases listed on Schedule G may have been entered into by more than one of the Debtors. Every reasonable effort has been made to identify which Debtors are parties to each contract, agreement, or lease and, where possible, such contracts, agreements and leases are listed on Schedule G of each such Debtor. While certain contracts and agreements listed on Schedule G may have been into by either AAII or AAII-B, the liabilities under all contracts and agreements listed on Schedule G are listed on AAII-B's balance sheets.

Schedule H: Co-Debtors.

AAII is jointly and severally liable for AAII-B's obligations to the PBGC and AAII-B is a guarantor of AAII's obligations to the SVBF as reflected on Schedule H for both AAII and AAII-B.

**C. Statement of Financial Affairs**

Question 2: Income Other Than From Employment or Operation of Business. The Debtors may have nominal income other than from the operation of their business, for example from interest earned on their overnight sweep account. These nominal sums are netted against other expenses on AAII-B's balance sheets and are thus not detailed in the Bankruptcy Schedules.

Question 3: Payments to Creditors. The Debtors' concentration account is in the name of AAII, but the disbursement account is in the name of AAII-B, and therefore, all payments responsive to SOFA 3 are listed as being made by AAII-B.

Question 9: Payments Related to Debt Counseling or Bankruptcy. All payments for the Debtors' bankruptcy professionals were paid by AAII-B on behalf of all three Debtors.

Question 13: Setoffs. The Debtors are not aware of any setoffs by a creditor that occurred prior to the 90 days preceding the Petition Date.

Question 14: Property Held for Another Person.   As a subcontractor for various third parties, the United States Air Force and the United States Navy, AAII-B is in possession of various pieces of equipment that are necessary to provide refurbishment services to the Debtors' customers.  Since these pieces of property are not held as assets on the Debtors' books and records, the Debtors have estimated the values listed on Exhibit 14.

Question 19(d): Books, records and financial statements.   In addition to financial statements provided to Pink Sheets, Inc. and the Securities and Exchange Commission (the "**SEC**"), at various points in times the Debtors may have directed creditors, lenders and other parties in interests to PinkSheets.com or the SEC's website for purposes of obtaining copies of financial statements and related exhibits.

Question 21(b): Current Partners, Officers, Directors and Shareholders.   In response to question 21(b), the Debtors have listed each registered holder who owns, controls or holds 5 percent of more of the Debtors' equity securities.  The Debtors have not, at this time, ascertained the beneficial holders of their equity securities and have therefore listed the name of the registered holders or brokers holding such securities.

Question 23: Withdrawals from a partnership or distribution by a corporation.  Distributions listed in response to SOFA 23 for AAII-B are also included in those payments detailed in response to SOFA 3(c).  Although these distributions are listed in response to SOFA 3(c) and 23 for AAII-B, the insiders listed on both questions received only one transfer on each of the dates listed.

.

# United States Bankruptcy Court

## District of Delaware

In re    **Alabama Aircraft Industries, Inc.**                   ,      Case No.     **11-10452**

                                         Debtor

Chapter                 **11**

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 0.00 | | |
| B - Personal Property | Yes | 4 | 2,436,323.45 | | |
| C - Property Claimed as Exempt | No | 0 | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | 2,724,030.97 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | 0.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | 0 | | | N/A |
| Total Number of Sheets of ALL Schedules | | 11 | | | |
| | | Total Assets | 2,436,323.45 | | |
| | | Total Liabilities | | 2,724,030.97 | |

In re   **Alabama Aircraft Industries, Inc.**          Case No.   **11-10452**

Debtor

# SCHEDULE A - REAL PROPERTY

    Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

    **Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

    If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
| --- | --- | --- | --- | --- |
| **None** | | | | |

| | | | | |
| --- | --- | --- | --- | --- |
| | | Sub-Total > | **0.00** | (Total of this page) |
| | | Total > | **0.00** | |
| | | | (Report also on Summary of Schedules) | |

  **0**    continuation sheets attached to the Schedule of Real Property

.

In re    **Alabama Aircraft Industries, Inc.**                              ,       Case No.     **11-10452**

                                            Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.   Cash on hand | X | | | |
| 2.   Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Wells Fargo (4980) - Concentration** | - | **828,712.97** |
| | | **Wells Fargo (9362) - Collateral for LOC** | - | **100,112.99** |
| | | **BBVA Compass (7011) - Direct Deposit** | - | **2,288.41** |
| | | **Regions (5716) - Rabbi Trust** | - | **769,621.58** |
| 3.   Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.   Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5.   Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.   Wearing apparel. | X | | | |
| 7.   Furs and jewelry. | X | | | |
| 8.   Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.   Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10.   Annuities. Itemize and name each issuer. | X | | | |

Sub-Total >      **1,700,735.95**
(Total of this page)

   __3__    continuation sheets attached to the Schedule of Personal Property

In re  **Alabama Aircraft Industries, Inc.**                                  Case No.  __11-10452__
_____,
                              Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | **100% of the Shares of Alabama Aircraft Industries, Inc. - Birmingham** | **-** | **Unknown** |
| | | **100% of the Shares of Pemco Aircraft Engineering Services, Inc.** | **-** | **Unknown** |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | | **Pemco World Air Services - IT Services** | **-** | **135,587.50** |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |

Sub-Total >        **135,587.50**
(Total of this page)

Sheet  __1__  of  __3__   continuation sheets attached
to the Schedule of Personal Property

In re   **Alabama Aircraft Industries, Inc.**        ,     Case No.   **11-10452**

Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | **Judgment Against GECAS** | - | **Unknown** |
| | | **Funds deposited with Pemco World Aviation Services in connection with its sale for potential environmental liabilities - to be returned to AAII if no environmental liabilities arise prior to September 2012** | - | **600,000.00** |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | | **"Alabama Aircraft Industries" Service Mark** | - | **Unknown** |
| | | **"AAII" Service Mark** | - | **Unknown** |
| | | **"AAII" Trademark** | - | **Unknown** |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |

Sub-Total >       **600,000.00**
(Total of this page)

Sheet  **2**  of  **3**  continuation sheets attached
to the Schedule of Personal Property

In re    **Alabama Aircraft Industries, Inc.**             ,    Case No.    **11-10452**

                                           Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 34. Farm supplies, chemicals, and feed. | **X** | | | |
| 35. Other personal property of any kind not already listed. Itemize. | **X** | | | |

|  |  |
|---|---|
| Sub-Total > | **0.00** |
| (Total of this page) | |
| Total > | **2,436,323.45** |

Sheet   **3**   of   **3**   continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

In re    **Alabama Aircraft Industries, Inc.**                    ,      Case No.    **11-10452**

Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. <br><br> **Maynard Cooper & Gale PC** | | - | **Attorney Lien for Contingency Fees (40% of GECAS Judgment)** | X | X | | | |
| | | | Value $    **Unknown** | | | | **Unknown** | **Unknown** |
| Account No. <br><br> **Modular Space Corporation** <br> **1200 Swedesford Road** <br> **Berwyn, PA 19312** | | - | **2/9/2011** <br><br> **Modular Building Lease** | | | | | |
| | | | Value $    **45,905.97** | | | | **45,905.97** | **0.00** |
| Account No. <br><br> **Pension Benefit Guaranty Corporation** <br> **1200 K Street NW** <br> **Washington, DC 20005** | X | - | **Lien on Assets for Missed Pension Plan Contributions** | X | X | X | | |
| | | | Value $    **Unknown** | | | | **Unknown** | **Unknown** |
| Account No. <br><br> **Special Value Bond Fund** <br> **C O Richards Layton & Finger** <br> **One Rodney Square** <br> **920 North King St** <br> **Wilmington, DE 19801** | X | - | **Secured Note - Principal and Interest** | | | | | |
| | | | Value $    **2,578,125.00** | | | | **2,578,125.00** | **0.00** |

   **1**    continuation sheets attached                Subtotal <br> (Total of this page)    **2,624,030.97**      **0.00**

In re   **Alabama Aircraft Industries, Inc.**                                      ,       Case No.   __11-10452__
_____
                                        Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | | |
| Account No.<br><br>**Wells Fargo Bank NA**<br>**420 20th Street North**<br>**7th Floor**<br>**Birmingham, AL 35203** | - | | | | **Letter of Credit for the Benefit of Great American Insurance Company** | | X | | | |
| | | | | | Value $                100,000.00 | | | | 100,000.00 | 0.00 |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |

Sheet __1__ of __1__ continuation sheets attached to
Schedule of Creditors Holding Secured Claims

|  | | |
|---|---|---|
| Subtotal<br>(Total of this page) | 100,000.00 | 0.00 |
| Total<br>(Report on Summary of Schedules) | 2,724,030.97 | 0.00 |

B6E (Official Form 6E) (4/10)

In re   **Alabama Aircraft Industries, Inc.**                                          ,   Case No. __11-10452__
                                            Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

__0__   continuation sheets attached

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                    Best Case Bankruptcy

In re   **Alabama Aircraft Industries, Inc.**         ,    Case No.   **11-10452**

Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | Codebtor | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | Contingent | Unliquidated | Disputed | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | | | | | |
| Account No. | | | | | | | |
| Account No. | | | | | | | |
| Account No. | | | | | | | |

**0** continuation sheets attached

Subtotal (Total of this page)

Total (Report on Summary of Schedules)    **0.00**

In re    **Alabama Aircraft Industries, Inc.**        ,    Case No.   **11-10452**

Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **AAII Executive Retention Plan**<br>**1943 50th Street North**<br>**Birmingham, AL 35212** | **Retention plan for Executive Employees of AAII -**<br>**Including:**<br>**Ronald A. Aramini**<br>**Gil McSheehy**<br>**Doris K. Sewell**<br>**Randy C. Shealy**<br>**Brian L. Watkins**<br>**Garry H. White** |

**0**
     continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

B6H (Official Form 6H) (12/07)

In re    **Alabama Aircraft Industries, Inc.**                  Case No.    **11-10452**

                                      Debtor

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Alabama Aircraft Industries, Inc. - Bham**<br>**1943 50th Street North**<br>**Birmingham, AL 35212** | **Special Value Bond Fund**<br>**C O Richards Layton & Finger**<br>**One Rodney Square**<br>**920 North King St**<br>**Wilmington, DE 19801** |
| **Alabama Aircraft Industries, Inc. - Bham**<br>**1943 50th Street North**<br>**Birmingham, AL 35212** | **Pension Benefit Guaranty Corporation**<br>**1200 K Street NW**<br>**Washington, DC 20005** |

**0**
_____ continuation sheets attached to Schedule of Codebtors

# United States Bankruptcy Court
## District of Delaware

In re  **Alabama Aircraft Industries, Inc.**

Debtor(s)

Case No.  **11-10452**

Chapter  **11**

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

      I, the Senior Vice President and Chief Financial Officer of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of  **12**  sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date  *April 5, 2011*

Signature  *Randall C. Shealy*

**Randall C. Shealy**
**Senior Vice President and Chief Financial Officer**

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.